IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | INDICTMENT |
| | ) | |
| Plaintiff, | ) | 3 : 16 CR 166 |
| | ) | |
| v. | ) | CASE NO. JUDGE HELMICK |
| | ) | Title 8, United States Code, |
| PABLO DURAN RAMIREZ, aka PABLO | ) | Sections 1324(a)(1)(A)(iv), |
| DURAN, SR., | ) | 1324(a)(1)(A)(v)(II), |
| | ) | 1324(a)(1)(B)(i), and |
| Defendant. | ) | 1324(a)(4)(A); Title 18, United |
| | ) | States Code, Sections 2, 1589(a), |
| | ) | 1589(b), and 1594(b) |

The Grand Jury charges:

## GENERAL ALLEGATIONS

At all times material to this Indictment:

1. Trillium Farms ("Trillium") was a Limited Liability Corporation incorporated in Ohio. Trillium owned and operated a number of large egg farms in the Marion, Ohio area.

2. Haba Corporate Services, Inc. ("Haba") was a for-profit corporation incorporated in Ohio, and owned and operated by the Defendant, PABLO DURAN RAMIREZ, aka PABLO DURAN, SR., and E.D.R.

3. Papagos, Inc. ("Papagos") was a for-profit corporation incorporated in Ohio, and owned and operated by Conrado Salgado Soto.

4. Second Generation Farm Services, L.L.C. ("Second Generation") was a subsidiary of Haba and a for profit corporation incorporated in Ohio. Second Generation was owned and operated by Pablo Duran, Jr.

5. Rabbit Cleaning Services, Inc. ("Rabbit Cleaning") was a for-profit company incorporated in Ohio, and owned and operated by Bartolo Dominguez.

6. Trillium contracted with Haba and Second Generation to provide manual laborers for work at Trillium's egg farms. Haba and Second Generation hired Papagos, Rabbit Cleaning, and other sub-contractors to find the manual laborers, transport them to and from the egg farms, and supervise their work at the egg farms. The laborers' work included cleaning the chicken coops, loading and unloading crates of chickens, de-beaking chickens, and vaccinating chickens.

7. The Defendant, PABLO DURAN RAMIREZ, aka PABLO DURAN, SR., aided, abetted, and encouraged Aroldo Rigobetro Castillo-Serrano and Conrado Salgado Soto to recruit and smuggle Guatemalan nationals, many of them juveniles, to the Marion, Ohio, area to hold them in a condition of forced labor and require them to perform manual labor, to the benefit of PABLO DURAN RAMIREZ, aka PABLO DURAN, SR.

<u>COUNT 1</u>
(Forced Labor Conspiracy – 18 U.S.C. § 1594)

The Grand Jury further charges:

8. The allegations set forth in paragraphs 1 through 7 are re-alleged and incorporated by reference in this count, as though fully restated herein.

9. Beginning in or around April 2012, and continuing through on or about December 17, 2014, in the Northern District of Ohio, Western Division, and elsewhere, PABLO DURAN RAMIEREZ, aka PABLO DURAN, SR., along with Aroldo Rigoberto Castillo-Serrano and Conrado Salgado Soto, and others known and unknown to the Grand Jury, did knowingly and willfully combine, confederate, conspire, and agree with each other and others known and unknown to the Grand Jury to commit offenses against the United States, as set forth in 18 U.S.C.§ 1589, specifically:

10. To provide and obtain, and attempt to provide and obtain, the labor and services of numerous adult and juvenile victims, nationals of Guatemala, whose identities are known to the Grand Jury, by means of:

   a. force, threats of force, physical restraint, or threats of physical restraint to the victims and their families;

   b. serious harm or threats of serious harm to the victims and their families;

   c. the abuse or threatened abuse of law or legal process; and

   d. a scheme, plan, and pattern intended to cause the victims to believe that, if that they did not perform such labor or services, they and their families would suffer serious harm or physical restraint.

11. To knowingly benefit, financially or by receiving anything of value, from participation in the venture outlined above, knowing and in reckless disregard of the fact that the venture has engaged in the providing or obtaining of labor or services by all of the above means.

## MANNER AND MEANS OF THE CONSPIRACY

12. It was part of the conspiracy that PABLO DURAN RAMIREZ, aka PABLO DURAN, SR., regularly spoke on the telephone with Aroldo Castillo-Serrano regarding PABLO DURAN RAMIREZ's, aka PABLO DURAN SR.'s, need for manual laborers to provide manual labor at the egg farms in the Marion, Ohio, area.

13. It was part of the conspiracy that PABLO DURAN RAMIREZ, aka PABLO DURAN, SR., discussed with Aroldo Castillo-Serrano that Aroldo Castillo-Serrano should start smuggling juveniles from Guatemala into the United States to work for Haba and its sub-contractors.

14. It was part of the conspiracy that PABLO DURAN RAMIREZ, aka PABLO DURAN, SR., knowingly employed workers who were (1) juveniles and (2) not legally present in the United States, and told his sub-contractors to do the same.

15. It was part of the conspiracy that PABLO DURAN RAMIREZ, aka PABLO DURAN, SR., Aroldo Castillo-Serrano, Conrado Salgado Soto, and others, benefitted financially, and by receiving anything of value, from participating in the venture.

## OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

16. In furtherance of the conspiracy, and to accomplish the objects of the conspiracy, the Defendant, PABLO DURAN RAMIREZ, aka PABLO DURAN, SR., and his co-conspirators, Aroldo Castillo-Serrano and Conrado Salgado Soto, committed and caused to be committed at least one of the following overt acts, among others, in the Northern District of Ohio, Western Division, and elsewhere:

17. In or around early 2014, PABLO DURAN RAMIREZ, aka PABLO DURAN, SR., spoke with Aroldo Castillo-Serrano on the telephone. During this conversation, PABLO DURAN RAMIREZ, aka PABLO DURAN, SR., told Aroldo Castillo-Serrano that PABLO DURAN RAMIREZ, aka PABLO DURAN, SR., needed workers to be smuggled into the United States from Guatemala to work at the various egg farm locations in the Marion, Ohio, area, and Aroldo-Castillo Serrano agreed to supply the workers to PABLO DURAN RAMIREZ, aka PABLO DURAN, SR.

18. On approximately five additional occasions during 2014, PABLO DURAN RAMIREZ, aka PABLO DURAN, SR., had conversations with Aroldo Castillo-Serrano during which they discussed PABLO DURAN RAMIREZ's, aka PABLO DURAN, SR.'s, need for workers. During these conversations PABLO DURAN RAMIREZ, aka PABLO DURAN, SR. entered

into an agreement with Aroldo Castillo-Serrano that Aroldo Castillo-Serrano would arrange for Guatemalan nationals to illegally enter the United States to work for PABLO DURAN RAMIREZ, aka PABLO DURAN, SR., and his sub-contractors.

19. Beginning in or around mid-2014, PABLO DURAN RAMIREZ, aka PABLO DURAN, SR., and Aroldo Castillo-Serrano agreed that Castillo-Serrano would start smuggling Guatemalan juveniles into the United States to work for PABLO DURAN RAMIREZ, aka PABLO DURAN, SR., and his sub-contractors.

20. In calendar years 2013 and 2014, Trillium Farms paid Haba, owned and operated by PABLO DURAN RAMIREZ, aka PABLO DURAN, SR., and E.D.R., approximately $6 million. During that same time period, Haba paid its sub-contractors approximately $3.5 million.

All in violation of Title 18, United States Codes, Section 1594(b).

## COUNT 2
(Forced Labor – 18 U.S.C. § 1589)

The Grand Jury further charges:

21. The allegations set forth in paragraphs 1 through 7 and 11 through 19 are re-alleged and incorporated by reference in this count, as though fully restated herein.

22. Beginning in or around April 2012, and continuing through on or about December 17, 2014, in the Northern District of Ohio, Western Division, and elsewhere, Defendant PABLO DURAN RAMIREZ, aka PABLO DURAN, SR., along with Aroldo Castillo-Serrano, Conrado Salgado Soto, and others, aiding and abetting each other, did knowingly provide the labor and services of a Guatemalan juvenile, the identity of whom is known to the Grand Jury, and knowingly benefitted, financially and by receiving anything of value, from participation in a venture which provided and obtained the labor and services of a Guatemalan juvenile, knowing and in reckless disregard of the fact that the labor and services were obtained by means of force,

5

threats of force, physical restraint, or threats of physical restraint to the juvenile and the juvenile's family; by means of serious harm or threats of serious harm to the juvenile and the juvenile's family; by means of the abuse or threatened abuse of law or legal process; and by means of a scheme, plan, and pattern intended to cause the juvenile to believe that if the juvenile did not perform such labor or services, the juvenile and the juvenile's family would suffer serious harm or physical restraint.

All in violation of Title 18, United States Code, Sections 1589(a) and (b), and 2.

## COUNT 3
### (Encouraging Illegal Entry – 8 U.S.C. § 1324(a))

The Grand Jury further charges:

23. The allegations set forth in paragraphs 1 through 7 and 11 through 19 are re-alleged and incorporated by reference in this count, as though fully restated herein.

24. On numerous occasions during 2014, the specific dates unknown to the Grand Jury, in the Northern District of Ohio, Western Division, and elsewhere, PABLO DURAN RAMIREZ, aka PABLO DURAN, SR., Aroldo Castillo Serrano, and Conrado Salgado Soto, aiding and abetting each other, along with others known and unknown to the Grand Jury, encouraged and induced Guatemala juveniles to come to, enter, and reside in the United States, knowingly and in reckless disregard of the fact that the juveniles' coming to, entry, and residence in the United States was in violation of law. The Defendant's acts were for the purpose of commercial advantage and private financial gain and part of an ongoing commercial organization and enterprise.

All in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i), and 1324(a)(4)(A).

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.